## W. D. WILSON PRINTING INK CO., Limited, *v.* BOWKER.

*(Common Pleas of New York City and County, General Term.* December 7, 1891.)

PARTNERSHIP—WHAT CONSTITUTES—SHARING PROFITS.

A person let his printing-presses to another "at the rate of six per cent. interest on actual cost, with ten per cent. on the same for wear and tear, actual insurance, and also half profits on the same, after deducting rent, labor, ink, and other necessary expenses." *Held,* that the share of the profits was merely compensation for the hire of the presses, and the stipulation therefor did not constitute a partnership between the parties.

Motion for leave to go to the court of appeals. Denied. For prior report, see 15 N. Y. Supp. 293.

Argued before DALY, C. J., and BISCHOFF, J.

*Phillip Carpenter,* for plaintiff. *Parsons, Shepard & Ogden,* for defendant.

DALY, C. J. The question in this case does not require submission to the court of appeals in order to settle the law. What was required was the application to the facts before the general term of the principles already enunciated in many cases before the court of last resort. This was done in a careful opinion, in which all the judges concurred. It was sought in the action to hold the defendant Bowker liable as a partner because he entered into an agreement to let to his co-defendant (who was engaged in the printing business) two cylinder presses, "at the rate of six per cent. interest on actual cost, with ten per cent. on the same for wear and tear, actual insurance, and also half profit on the same, after deducting rent, labor, ink, and other necessary expenses." It was not shown that Bowker was to take any part in the conduct or prosecution of the business, nor to have any share of the profits not earned by the use of his machines. His percentages and share of the profits were rent for his presses. They were compensation such as might have been stipulated for the loan of specified sums of money or for the rendition of specified services. In the latter cases the fact of such stipulation alone would not constitute a partnership. The fact that the share of profits here was compensation for the hire of a chattel makes no difference in principle. The motion for leave to appeal to the court of appeals should be denied, without costs.